UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**JENNIFER A. WILLIAMSON**
1626 N. Nicholas Street
Appleton, WI 54914

    Plaintiff,

v.                                                Case No. 1:22-cv-903
                                                   Class Code:  30101

**WAL-MART STORES,**
702 SW 8th Street
Bentonville, AR 72716-0555

and,

**PRIMO WATER CORP,**
4221 W. Boy Scout Blvd.
Suite 400
Tampa, FL 33607

    Defendants.

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Jennifer Williamson, by her attorney, John Miller Carroll, S.C. and for cause of action against the Defendant, allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Jennifer Williamson, is an adult resident of the State of Wisconsin who resides at 1626 N. Nicholas Street, Appleton, WI 54914.

2. That the Defendant, Wal-Mart Stores, is upon information and belief, a corporation organized and existing and under the laws of the State of Arkansas and doing business in WI.

3. That the Defendant, Wal-Mart Stores, principal office, is upon information and belief, located at 702 SW 8th Street, Bentonville, AR 727160555.

1

4. That the Defendant, Primo Water Corp. is a corporation organized and existing and under the laws of the State of Florida and doing business in Wisconsin.
5. That the Defendant Primo Water Corps principal office is located at 4221 W. Boy Scout Blvd, Suite 400, Tampa, FL 33607.

## **ALLEGATIONS COMMON TO ALL CLAIMS**
### **Claim One Negligence**

1. That on July 9, 2019, the Plaintiff, entered the Wal-Mart Store located at 955 Mutual Way, in the City of Appleton, County of Outagamie, Wisconsin, as a customer-invitee.
2. As the Plaintiff entered the Wal-Mart Store on 955 Mutual Way at approximately 9:45 a.m., she was walking towards the service desk and slipped on a puddle of water that was in front of a stack of 5-gallon water bottles. The floor in this area is white and the water was not visible. The water was in an area where customers pick up bottles of water and the area was not covered with anything.
3. The Plaintiff's left foot slipped 3-4 feet in front of her and her right knee hit the floor. The Plaintiff felt her knee cap jam and her ankle was strained and toenail pulled up. Essentially, she fell into a split as a result of the water not having been removed from the floor.
4. The Plaintiff subsequently felt immense pain in her right knee. An employee of Wal-Mart was pushing a cart at the time of the incident and witnessed the Plaintiff fall and immediately asked if she was okay and needed help getting up. The Plaintiff was in a state of confusion but requested that the matter be documented. Further, another employee that was standing nearby came to assist. A manager was summoned and the Plaintiff requested that the fall be documented and an injury report was filled out. The Plaintiff sat in a chair in the optical store within Wal-Mart and an ice pack was placed on her right knee. At that time, she could see another employee with paper towels cleaning up the spill in the immediate area. The manager shouted, "No, I have to take pictures of that," to which the employee apologized and replied, "you can still see the skid marks."
5. That this entire incident was captured on video tape, which is in possession of the Defendant, Wal-Mart Stores.

6. That on July 9th, 2019, approximately one half hour before the Plaintiff slipped on the water, an employee of Defendant Primo Water Corp was placing full bottles and removing empties in a rack at the approximate location where the fall happened, and was, or should have been, aware of the presence of the hazard.
7. That on July 9, 2019, Wal-Mart was aware, or should have been aware, that water would be in the area where the Plaintiff fell as she was frequenting the store.
8. That a direct result and proximate result of the water that was left on the floor by the Defendants, Wal-Mart Stores and Primo Water Corp, the Plaintiff fell and sustained a complex tear of the medial meniscus to her right knee.
9. The Plaintiff underwent an arthroscopy and partial medial and lateral meniscectomies.
10. That a year and a half after the surgery, an MRI was ordered which found a meniscus tear in her right knee. A second arthroscopy and partial medial meniscectomy was performed on the Plaintiff.
11. That as a direct and proximate result of the failure of the Defendants, Wal-Mart Stores, and Primo Water Corp, and their employees and agents, to remove the water from the floor, the Plaintiff sustained injuries which required immediate medical attention.
12. That as a direct and proximate result of the injury to her knee, the Plaintiff missed hours of employment and was unable to perform her regular duties as a result of the injury.
13. That the Plaintiff has sustained medical expenses, lost wages, and permanent injury as a result of the negligence of Wal-Mart Stores and Primo Water Corp and their employees.

**WHEREFORE, PLAINTIFF PRAYS JUDGMENT AGAINST THE DEFENDANT AS FOLLOWS:**

1. For general damages;
2. For damages of permanent injury;
3. For past, present and future pain and suffering;
4. For medical expenses incurred;
5. For wage loss;

6. For costs of this suit;

7. For such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE.**

DATED at Appleton, Wisconsin this 30th day of November, 2022.

Respectfully Submitted,

By: */s/ John Miller Carroll*
John Miller Carroll
Attorney for Plaintiff
State Bar No. 1010478

ADDRESS:
226 S. State Street
Appleton, WI 54911
(920) 734-4878